819 P.2d 976

**Roger B. ANDERSON, D.D.S., Plaintiff/Appellee,**

v.

**The BOARD OF DENTAL EXAMINERS Of the State of Arizona, Defendant/Appellant.**

**No. 2 CA–CV 90–0270.**

Court of Appeals of Arizona, Division 2, Department A.

April 11, 1991.

Review Denied Dec. 3, 1991.*

---

\* Cameron, J., of the Supreme Court, recused himself and did not participate in the determination of this matter.

Mesch, Clark & Rothschild by Jonathan Rothschild, Tucson, for plaintiff/appellee.

Grant Woods, Atty. Gen. by Peter D. Kushibab, Phoenix, for defendant/appellant.

## OPINION

LIVERMORE, Presiding Judge.

On February 10, 1989, the Arizona State Board of Dental Examiners commenced an investigation of Roger B. Anderson for a violation of A.R.S. § 32–1201 subd. 18 (u)(iii) proscribing "[a]dvertising in any manner which tends to deceive or defraud the public." The investigation was begun because Anderson, as president of "Pima Dental Association," was interviewed concerning allegations of dental price fixing. Many dentists, apparently, were offended that he was treated by the media as a spokesman for dentists generally. That role, again apparently, was thought to belong to the Southern Arizona Dental Association. After proceedings pursuant to A.R.S. § 32–1263.02, an interviewing officer recommended dismissal of the charge. The Board, however, found that "[s]ome members of the media have been misled to believe that Dr. Anderson represented organized dentistry in Tucson" and that "[t]he advertising article conveys the impression that the Pima Dental Association represented organized dentistry in Tucson

when in fact it was an association in private practice" and ordered that Anderson be censured for misleading advertising. Anderson sought administrative review of this order; that request was denied. This action followed. The superior court found that the administrative action was unsupported by substantial evidence. We affirm.

■ The Board's first argument is that Anderson failed to exhaust his administrative remedies apparently because his request for administrative review was insufficiently detailed. That request, however, contained the basis on which he ultimately prevailed, that the administrative decision was unsupported by the evidence. No more is required.

■ Our review of the administrative proceedings is hampered by the failure of the Board ever to precisely identify what advertisement it found misleading. Fairly read the record suggests, however, that no advertisement was involved. Instead, the Board was upset that Dr. Anderson, by representing himself as president of Pima Dental Association, would be taken to be an official spokesman for dentists generally. There being no advertisement, there can be no violation of the statute warranting discipline.[1] In fact, there was an organization called Pima Dental Association and Anderson was its president. It was formed as a trade association directed to the economic betterment of its dentist members. No argument is or could be made that it was improper for dentists to so associate. What is instead contended is that a common geographic name could not be used for the group because some might assume that the group was larger or more influential than it in fact was. We do not understand the argument. People may associate; they may speak out on issues. That others might accord their views greater weight than more established organizations think they deserve is simply an irrelevant price of free discourse. Neither the Southern Arizona Dental Association and the Arizona State Dental Association, both private

---

1. There was an advertisement, introduced by Dr. Anderson, which used the term Pima Dental Association and listed 34 individual dentists who would implant an identification microdot on teeth. No claim is made that this advertisement is misleading.

trade associations, nor the Arizona State Board of Dental Examiners, an official agency, can prevent dentists from associating for permissible purposes or create a state imposed orthodoxy as to who may permissibly represent organized dentistry.

Affirmed. Appellee is awarded his attorneys' fees on appeal in an amount to be determined upon filing the statement required by Rule 21, Ariz.R.Civ.App.P., 17B A.R.S.

HATHAWAY and LACAGNINA, JJ., concur.